# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# HATTIESBURG DIVISION

**JERRY LAVON RAYBORN, #77251**                                          **PLAINTIFF**

**VERSUS**                                    **CIVIL ACTION NO. 2:09-cv-96-KS-MTP**

**JAMES MOORE**                                                          **DEFENDANT**

## MEMORANDUM OPINION

This matter is before the Court, *sua sponte*, for consideration of dismissal. Plaintiff Rayborn, an inmate of the Mississippi Department of Corrections, filed this complaint pursuant to 42 U.S.C. § 1983. The named defendant is James Moore, owner of Moore's bicycle shop in Hattiesburg, Mississippi. As relief, Plaintiff seeks $15,000.00 in monetary damages.

Plaintiff complains that on June 14, 2003, defendant Moore provided a copy of his drivers license to Ruth Cooksey, a private citizen and non-law enforcement officer. It appears Mrs. Cooksey testified for the prosecution at Plaintiff's criminal trial on February 10, 2005. Plaintiff alleges that Mr. Moore's actions were an invasion of his privacy and violated federal law.

## Analysis

The Prison Litigation Reform Act, 28 U.S.C. § 1915(e)(2) (as amended), applies to prisoner proceedings *in forma pauperis* and provides that "the court shall dismiss the case at any time if the court determines that . . . (B) the action or appeal -- (i) is frivolous[1] or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a

---

[1] A case that is found to be legally frivolous is one that seeks to assert a "right" or address a "wrong" clearly not recognized by federal law. *See*, *e.g., Neitzke v. Williams*, 490 U.S. 319 (1989).

defendant who is immune from such relief." Since Plaintiff was granted *in forma pauperis* status, § 1915(e)(2) applies to the instant case.

After applying a liberal construction to Plaintiff's complaint and response [7], as required by *Haines v. Kerner*, 404 U.S. 519 (1972), the Court has reached the following conclusion. Plaintiff's claims are time-barred by the three year statute of limitations.

"[W]here it is clear from the face of a complaint filed *in forma pauperis* that the claims asserted are barred by the applicable statute of limitations, those claims are properly dismissed pursuant to § 1915(d)." *Gartrell v. Gaylor*, 981 F.2d 254, 256 (5th Cir. 1993). There is no federal statute of limitations for civil rights actions. *See Owens v. Okure*, 488 U.S. 235, 249-50 (1989) (holding that a federal court must borrow the forum state's general personal injury limitations period since there is no federal statute of limitations for civil rights actions brought pursuant to 42 U.S.C. § 1983). Therefore, this Court must borrow the general personal injury limitations period for Mississippi and apply it to the allegations of the instant civil action. *Id.* The applicable Mississippi statute of limitations period is three years. *See Gates v. Walker*, 865 F. Supp. 1222, 1230 (S.D. Miss. 1994), *aff'd*, 62 F.3d 394 (5th Cir. 1995); *see also* MISS. CODE ANN. § 15-1-49 (1972), as amended.

While Mississippi law governs the applicable limitations period, "the accrual date of a § 1983 cause of action is a question of federal law that is not resolved by reference to state law." *Wallace v. Kato*, 549 U.S. 384, 388 (2007). As such, an action accrues when a plaintiff has "a complete and present cause of action." *Id.* As noted by the Fifth Circuit:

> Under federal law, the limitations period begins to run the moment the plaintiff becomes aware that he has suffered an injury or has sufficient information to know that he has been injured. A plaintiff's awareness encompasses two elements: (1) The existence of the injury; and (2) causation, that is, the connection between the injury and the defendant's actions. A plaintiff need not know that she has a legal cause of

2

action; she need know only the facts that would ultimately support a claim. Actual knowledge is not required if the circumstances would lead a reasonable person to investigate further.

*Piotrowski v. City of Houston*, 237 F.3d 567, 576 (5th Cir. 2001) (internal quotations and citations omitted); *see also Walker v. Epps*, 550 F.3d 407, 414 (5th Cir. 2008) (citing *Piotrowski, supra*). Finally, the federal court should also give effect to the forum state's applicable tolling provisions. *Rodriguez v. Holmes*, 963 F.2d 799, 803 (5th Cir. 1992). The State of Mississippi does not provide a tolling provision for incarceration.

The complained of incident occurred on June 14, 2003. It is possible that Plaintiff was not aware of this alleged invasion of his privacy until testimony was presented at his criminal trial on February 10, 2005. Thus, it is clear that at the very latest date of February 10, 2005, he was aware of his injury and the connection between the injury and the Defendant's alleged conduct. *Piotrowski*, 237 F.3d at 576. Therefore, giving Plaintiff the benefit of the later date, the limitation period expired on February 10, 2008. Plaintiff's claims accrued more than three years prior to filing the present action on May 20, 2009, and are time-barred. Therefore, Plaintiff cannot maintain the instant civil action.

## Conclusion

As discussed above, it is clear that Plaintiff's claims alleged in the instant civil action are barred by the statute of limitations. Therefore, Plaintiff's complaint is without an arguable claim, and it further fails to state a claim upon which relief may be granted. Consequently, this complaint is dismissed with prejudice as frivolous and for failure to state a claim upon which relief can be granted pursuant to 28 U.S.C. § 1915 (e)(2)(B)(i) and (ii).

Since this case is dismissed pursuant to the above mentioned provisions of the Prison Litigation Reform Act, it will be counted as a "strike".[2] If Plaintiff receives "three strikes" he will be denied *in forma pauperis* status and required to pay the full filing fee to file a civil action or appeal.

**SO ORDERED AND ADJUDGED** this the 15th day of June, 2009.

                                                  s/ *Keith Starrett*
                                                UNITED STATES DISTRICT JUDGE

---

[2] 28 U.S.C. § 1915(g) states:
In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.